

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Dwight Whitwell
Criminal District Attorney
Collin County
McKinney, Texas

Dear Mr. Whitwell:                    Opinion No. O-7103

Re: Construction of H. B. No. 161,
48th Leg., with respect to its
application to Collin County,
regarding salaries of County
Treasurer.

We acknowledge receipt of your letter requesting an
opinion upon the above-captioned subject-matter, as follows:

"This office is in need of your opinion upon the
following question.

"Under the General Officer's Salary Bill the Com-
missioners' Court was authorized to fix the salary of
county officials at not more than the maximum allowed
by law in 1935 and not less than the amount earned by
officer in that year. Our County Treasurer was paid
in 1935 the sum of $2,000.00 and for several years af-
ter the salary bill was passed was paid a salary of
$2,000.00 per year. In 1939 at the Regular Session of
the 46th Legislature House Bill No. 161 as shown on
Page 608 of the Special Laws of said Session authorized
the Commissioners' Courts in counties having a popula-
tion of 46,100 and less than 46,200 according to the
last preceding census to fix the salary of the County
Treasurer at any sum not less than $50.00 per month.
Section 2 repeals all laws in conflict and provides
that the special act should be interpreted as an ex-
press modification of 3912E, Section 13 of the Civil
Statutes. According to the 1930 Federal Census as
reported by the Texas Almanac, Collin County had a
population of 46,180, and apparently was the only
county in Texas within the population brackets men-
tioned in said act. Acting under the authority of
this act, our Commissioners' Court fixed the salary
of our County Treasurer at $50.00 per month which

amount was paid for several years, but in recent years has been raised until at the present time the salary of the County Treasurer is fixed at $82.50 per month. I would also call your attention to the fact that in 1940 according to the Federal Census the population of Collin County is given at 47,190.

"Our County Treasurer has made request of our Commissioners' Court that her salary be increased to the sum of $2,000.00 per annum and that she be paid additional salary from the first of January 1945, when she took office up to the present time so as to make her past compensation at the rate of $2,000.00 per year.

"Will you kindly advise me if House Bill No. 161 is a valid statute, and if it still applies to Collin County in view of the population change in the 1940 census, and state whether or not in your opinion this special act controls the authority of the Commissioners' Court in this County or is the Commissioners' Court bound by the provisions of the General Salary law, which in the absence of this special act, would require the County Treasurer to be paid $2,000.00 per year."

House Bill No. 161 of the 46th Legislature, Regular Session, amended Article 3912e, Section 13, Revised Civil Statutes of Texas, by adding thereto the following:

"(e). The Commissioners Courts of the respective counties of Texas having a population of more than forty-six thousand, one hundred (46,100) and less than forty-six thousand, two hundred (46,200), according to the last preceding Federal Census, are hereby authorized to fix the salary of the County Treasurer of their particular county at any sum not less than Fifty Dollars ($50) per month. In the determination of such salary the Court will consider the fees received by such office during the preceding fiscal year, the expenses of that office during the same period, and the relative duties incumbent on such officer; and shall in their discretion affix to such office such compensation as they deem just and necessary for the services rendered, within the limits hereinbefore provided."

Honorable Dwight Whitwell - page 3

Your questions are all answered by the conclusion we have reached to the effect that House Bill No. 161 is void as being in contravention of the Constitution.

Section 56 of Article III of the Constitution provides:

"The Legislature shall not except as otherwise provided in this Constitution, pass any local or special law, * * *

"Regulating the affairs of counties, cities, towns, wards or school districts. * * *."

In Bexar County v. Tynan, 97 S. W. (2) 467, the Commission of Appeals to the Supreme Court held that a bracket statute similar in form to the one here involved was to be regarded as purely a local bill, void under Section 56 above quoted. In that opinion, however, the court said:

"Without going into a detailed discussion of the Act of April 3, 1933, we will state that on its face it purports to be a general law, and we held that because it may have applied to only one county in the state at the time of its passage, this did not alone make it a special or local law, in view of the fact that it was not so framed as to exclude the probability that it would apply to other counties in the future. The Legislature may, upon a proper and reasonable classification, enact a general law which at the time of its enactment is applicable to only one county; provided its application is not so inflexibly fixed as to prevent it ever being applicable to other counties."

The court then entered into a discussion of the basic principle of classification as support for special treatment of subjects by the legislature, citing Clark v. Finley, 93 Tex. 171, 54 S. W. 343, to the effect that substantial differences in populations of counties could be made a basis of legislation fixing compensation of officers on the theory that the work devolving upon an officer was in some degree proportionate to the population of the county.

In Miller v. El Paso County, 150 S. W. (2) 1000, the Supreme Court cited with approval the Clark-Finley and the Bexar County-Tynan cases, and said:

"The peculiar limitations employed by the Legislature in this instance to segregate the class to be affected by the legislation not only bears no substantial relation to the objects sought to be accomplished by the Act, but the purported class attempted to be so segregated is, in fact, not a class distinct in any substantial manner from others in this state. There is nothing peculiar about a county having a population of less than 125,000 nor more than 175,000 inhabitants and containing a city with a population of 90,000 inhabitants that marks it a suitable and peculiar field for the expending of public funds for advertising and promoting the growth and development of the county and its county seat, as distinguished from other counties having substantially the same population of cities of similar size."

The court affirmed the judgment of the Court of Civil Appeals, holding the Act to be void under Section 56 of Article III of the Constitution.

Whether House Bill No.161 should be held void without regard to the question of legal classification as a basis therefor, we need not to decide, since the latter consideration abundantly present in the cases above cited and in this case even to a greater degree, necessarily requires the conclusion announced by us that the Act is void, and therefore the matter of the fixing of the salary of the County Treasurer of Collin County is wholly unaffected by it.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

